Case 23-7923, Nelson v. New York City Transit Authority. Good morning, Your Honors. I'd like to ask a question. I had some citations, but I didn't know you couldn't do it if it wasn't inside your brief, so I can't hand these in, right? I'm sorry? I had some citations. If you have some case citations that you want to make in your argument, is that what you're telling us? Right, but they're not in my brief. I asked a young lady, but she said I had to ask you guys. Why don't you go ahead and make your argument, and if there are cases that you think are important for us to know about that aren't in your brief, you can tell us the name of the case and what you understand them to say, and give us the citation in the course of your argument. Okay, cool. So, I'm starting with two positions. The doctrine of fraud upon the court, and I'm starting with a fraudulent removal. The city removed my case on a defense. In the case of St. Joseph, which I did use that in my brief, it specifically says that you cannot remove on a defense. In Caterpillar Williams, which I did use in my case, it says you cannot remove on a defense. Can I clarify something? Yes. I thought the basis for the removal is that you had made a claim under the federal labor laws, which isn't a defense. Am I misunderstanding the basis for removal? The basis for removal, if you look at their removal papers, it says that there are no state or common law claims alleged in the verified complaint. To the extent that the verified complaint is interpreted as raising a state or common law claims, such claims are related to a plaintiff's federal claim by subject matter, time period, and alleged action, and therefore this court may exercise supplemental jurisdiction over these related states, state constitution, and common law pursuant to 28 U.S.C. 1367A. But, when both parties got to, they removed and said there was no subject matter jurisdiction at all. And then they removed the case, and then when they got to federal court, they said they moved to another theory of immunity. So they anticipated a defense. So that says in Caterpillar Williams and in St. Joseph that you cannot do that. Okay. So my point is they made a fraudulent removal. They willfully told the judge that they were coming into court one way, and they came in another way. They obtained federal jurisdiction without having the right to do that. They took away my rights in state court where I should have actually still been at. The local 100, or not local 100, New York City Transit, she told the magistrate judge, the magistrate, the Justice Kovner, Kovner adopted the magistrate's judge based on a state claim theory. But then I brung this point to the Judge Kovner under 60B, but she did not listen to me at all. I told them St. Joseph says you can't move on a defense. I mean, Solomon, St. Joseph, you can't move on a defense. She totally ignored it. And then here I am now saying that basically this court has the power to reverse what the district judge did to me by taking away my right to have my case heard in state court. You're not disputing, I don't think, based on your brief. The district court's conclusion that your claim failed on the merits in this sentence. When I say failed on the merits, regardless of which court hears it, you're not entitled as a public employee to make this federal law claim. That was sort of the conclusion that caused the case to get dismissed. And I didn't see, I see you challenging the removal, but am I wrong that you don't dispute that the law says that as an MTA employee, you weren't covered by the federal law that you relied on in your complaint? Well, basically, I was passed my probation. Yeah. So if I would have been heard in state court, state court has different rules. They ruled CPL 103. So they would have changed the form because they said there was a state claim inside there. But then when they got to, again, like I said, when they got to federal court, their whole theory again was we're immune, we're immune, immune, we can't do anything. So I brought it to the attention of the district judge under 60B, said they can't anticipate a defense. That's exactly what they did. And so that's where the fraud comes in. So this court, again, like I said, they have the power under 60B to actually determine whether there was a fraud upon the court or whether the jurisdiction was void because of the anticipation of a defense, which Caterpillar Williams said that you can't do and which your court says that you can't do. My time is still running.  And Hatley Hazel Atlas says the same thing. My 60B motion was timely. And Hatley, they came back in 14 years. Mine's, I came back in 14 days. I asked the district judge could she, you know, could she reverse this based on they never had subject matter jurisdiction and they never had federal jurisdiction. But to my, you know, dismay, nothing, you know, I'm here because my case still got dismissed. Okay. All right. Well, we, it looks like you've reserved some time for rebuttal. So thank you for your evidence and we'll hear from, are you all splitting the time? Yeah. Okay. So we'll start with Mr. Abramson. Good morning, Your Honors. May it please the court. Neal Abramson, Proskauer Rose for Defendant Capelli, the New York City Transit Authority. I know you've had a long morning, so I will be very brief. The complaint expressly alleged a federal claim under the LMRA. It was on that basis that it was properly removed to federal court, not on the basis of a defense, not on the basis of immunity, which was not even argued. But after it was removed, the appellant plaintiff could not make out a claim under the statute because he is not covered by the LMRA because he is a public employee. And I take it that your position on that issue is that even if he had stayed in state court, he wouldn't have been able to go forward with a federal, using that federal law. He may have been able to pursue his state law claims, but no matter what court you're in, you can't, as a public employee, invoke the federal law. Am I understanding your position on that? That is correct. That is our position on that, and that also happens to be consistent with the governing laws, the scope of the LMRA, and accordingly, the claim was dismissed. Referee to state a claim under 12D6. I would also point out that Judge Blum below at the conference really went out at length to inquire whether a state claim would be made, whether a Taylor law claim would be made, because there was a possibility of that, of a DFR state law claim. There was a replete of the complaint, and it was just the same federal claim, and that was the one that was removed. It clearly was a federal question, and because the plaintiff appellant is a public employee, there is no jurisdiction under the LMRA. Could you hold the microphone up a little bit? I'm losing you a little bit. Sorry about that. So what you're saying is that whether the court had jurisdiction to hear it so that removal was proper is a completely different question from whether the claim had merit, whether it could go forward. Correct. The basis for the removal was the face of the claim, and just once it was removed, there was an inability to state that claim that was alleged in the complaint, and that was the basis of the decision, the report and recommendation, and then the decision on appeal by Judge Kovner of adopting the report and recommendation that there could be no claim. If there are no other questions, we're happy to stand on the papers and the decisions below, and thank you for your time. Thank you. Thank you very much. Judge Morrison. Good morning, Your Honors. Jade Morrison on behalf of Transport Workers Union Local 100. May it please the court, I just want to clarify the record that when appellant initially filed his state law claim, TW Local 100 was not a party to the case. The case was removed. A conference was held, and when appellant amended his complaint, added TW Local 100 to it. On your questions, Your Honor, about whether or not it's a jurisdictional question or a non-jurisdictional question, I point to you to Green and Justino, which are Second Circuit cases, which really lay the land in distinguishing those two elements. Also, it's our position that whether or not there's fraud upon the court, whether or not appellant believe that the parties misled the court is not properly before you at this time, because the appellant had the opportunity to do oppositions, had to file the 60-P motion, and then bring these issues up below. And otherwise, we are resting on our brief. Thank you. Mr. Nelson, you have three minutes. Yes. The respondents want the court to believe that this is right for any reason, but it's not. In this case, in City of Rome, New York-Vies Horizon, communication 362F3-168, the basis for federal jurisdiction in this litigation is rather murky. Although the parties both consent to jurors below, the fact that the city agreed to litigate against Verizon in federal court does not clear away all jurisdictional impediments, as we have often observed is well settled that the lack of federal jurisdiction may be raised for the first time appeal, even by a party who originally asserted that the jurisdiction existed are by the court's sua sponte. They, again, like I said, on their papers, they came into the court saying that there was a state claim inside there. Then when they got to federal court, they turned around and said that it was immune. So, therefore, again, under St. Joseph, this case does not arise under federal jurisdiction. I was ousted of my claim in state court. I would have had a state claim down there, as they said, inside of their removal papers. They say clearly that there is a state claim there, and then this has nothing to really do. Am I remembering wrong? I thought when you got to federal court, you initially had perhaps pledged state claims. But when you got to federal court, you amended your complaint to eliminate the state law claims, and only- No, there was never any state law claims in my complaint. I see. Okay. So, it was that there was some discussion in the federal court- Right. There was never any state law. And state law claims, and you didn't add them. No. I see. Okay. Yes. So, they actually said they were in there, and then when they got there, they turned around and said immunity. That's where the fraud upon the court comes. They willfully told a lie, basically, and they were able to get it to the court. And then when I put the 60B in that there was no subject matter jurisdiction, the judge didn't reverse, which basically on a 60B motion, it could have been reversed based on there was no subject matter jurisdiction, there was no federal subject matter jurisdiction. And all these was based on the same claims in St. Joseph and Caterpillar Williams. And then, you know, based on my- based on the- what am I trying to say here? Based on the removal, even if it was a 31B, the collective bargaining agreement does not even bear on the actual problem. The actual problem was I was passed my probation. The actual problem was the stipulation. Okay. If there are no further questions, I think we have your argument, Mr. Nelson. Thank you. Thank you, sir. And that concludes today's-